UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BLAKE SMITH, | ) |
| Plaintiff, | ) ) ) Civil Action No. 3:21-CV-P533-CHB |
| v. | ) ) ) **MEMORANDUM OPINION AND** |
| LOUISVILLE METRO POLICE JAIL et al., | ) **ORDER** ) ) |
| Defendants. | ) ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of Plaintiff Blake Smith's *pro se* Amended Complaint [R. 7][1] pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the claims against Defendants will be dismissed, but Plaintiff will be given an opportunity to file a Second Amended Complaint.

**I.**

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). [R. 7, p. 1]. He brings suit pursuant to 42 U.S.C. § 1983 against the "Louisville Metro Police Jail," which the Court construes as LMDC, and against LMDC Officer/Sergeant B. Chaney. *Id.* He does not indicate in which capacity(ies) he sues Defendant Chaney. *See id.* at 2.

In the Amended Complaint, Plaintiff alleges that during his booking into LMDC on May 14, 2021, he was having "lung pain's" and told the booking guards that he has asthma and needed a breathing treatment. *Id.* at 4. He states that he was told to sit down and wait; that he

---

[1] Plaintiff failed to sign his original Complaint [R. 1]. For this reason, and because the original Complaint failed to meet the notice-pleading requirements of Federal Rule of Civil Procedure 8(a)(2), the Court entered an Order, [R. 6], directing Plaintiff to file a signed Amended Complaint that includes all Defendants and claims he wishes to assert. The Court advised Plaintiff that the Amended Complaint would supersede the original Complaint. *Id.*

again asked for help three to four more times; and that a booking guard told him not to ask again or else he would be put in a cell. *Id*. Plaintiff then alleges:

> I told hem I have to ask because the pain and getting all my air so I was told to go with hem and was put in a room where it was Blood and Bleach everwhere where a man was hurt in min before being put in after min my eye start burning air got smaller I was feeling like I was been choke so I start hiting the door for help as I hit the door pleading for help the guard come back and said the more I ask the longer I stay I need help fast so I stop pray god for help when the guard B. Chaney approach the cell door and ask Did I have a Disabley I say yes am Asthma my hole life and leaning Disabley and I have a ADA card on file in all my Bookin thing he said he didnt care about my Disabley he had one to I was in need of help Didnt understand y he was sayin that and work at the jail I told hem the pain was hurting bed and I was not geting all my air I cry for help when a nuse form Booking station told the guard that I need help and to take me out after a while I was tooking out when the nuse was listing to my lung the pain was so bad I could stop crying where she ask was it that bad and I was put in a cell and in pain for a month till I was get a inhaler only help so much where till this day I have blood in my stool ever day after that and still not albe to hold my pee[.]

*Id.* at 4–5.

Plaintiff asserts that "my ADA[2] right my hippa[3] right and so mony right are being brokeing." *Id.* at 5. As relief, he seeks monetary and punitive damages. *Id.* at 6.

## II.

When a prisoner seeks relief from governmental entities, officers, and/or employees, the trial court must review the complaint under 28 U.S.C. § 1915A. Under § 1915A, the court must dismiss the complaint, or any portion of the complaint, if it determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

---

[2] The Court presumes that Plaintiff is referencing the Americans with Disabilities Act.
[3] The Court presumes that Plaintiff is referencing the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

**A.  42 U.S.C. § 1983**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

While Plaintiff does not specify a constitutional right that has been violated, the Court liberally construes the Complaint as alleging a claim under the Fourteenth Amendment. *Greene*

3

*v. Crawford Cty.*, 22 F.4th 593, 605 (6th Cir. 2022) ("[P]retrial detainees have a constitutional right to be free from deliberate indifference to serious medical needs under the Due Process Clause of the Fourteenth Amendment.") (citing *Griffith v. Franklin Cty.*, 975 F.3d 554, 566 (6th Cir. 2020)).

   1.  **Defendant LMDC**

Plaintiff's Amended Complaint names the "Louisville Metro Police Jail," which the Court construes as LMDC, as defendants. [R. 7, p. 1]. However, Defendant LMDC, a municipal department, is not suable under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Marbry v. Corr. Med. Servs.*, No. 99–6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Rather, the municipality itself, here the Louisville Metro Government, is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

When a § 1983 claim is made against a municipality, such as Louisville Metro Government, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is

limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

None of the allegations in the Complaint demonstrate that any alleged wrongdoing or injury occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government. The Complaint, therefore, fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim. Consequently, the claims against the LMDC/Louisville Metro Government will be dismissed.

### 2. *Defendant Chaney*

Plaintiff fails to state the capacity in which he sues Defendant Chaney. [R. 7]. Individual-capacity "suits seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* at 166 (quoting *Monell*, 436 U.S. at 691 n.55). "[Section] 1983 plaintiffs must clearly notify defendants of the potential for individual liability." *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether the defendant has been notified of the potential for personal liability. *Id.*

Upon review, the Court finds that the Complaint fails to indicate that Plaintiff intends to impose individual liability on Defendant Chaney, and none of Plaintiff's other filings pertain to

5

that issue. The Court, therefore, will *not* construe this action as asserting any claim against Defendant Chaney in his individual capacity but will construe it only as asserting claims against him in his official capacity.

Since "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Graham*, 473 U.S. at 166, Plaintiff's official-capacity claims against Defendant Chaney are actually deemed to be against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil-rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). As determined above, the Complaint fails to establish a basis of liability against the Louisville Metro Government and, thus, fails to state a cognizable § 1983 claim against Defendant Chaney in his official capacity. Therefore, the official-capacity claims against Defendant Chaney will be dismissed.

Under Rule 15(a) of the Federal Rules of Civil Procedure, however, "a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [(Prison Litigation Reform Act)]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). The Court will allow Plaintiff to file a Second Amended Complaint (1) suing Defendant Chaney in his *individual* capacity with respect to the claims that Defendant Chaney was deliberately indifferent to Plaintiff's safety and to his serious medical needs; and (2) naming as Defendant(s) any other person(s) he claims has denied/is denying him medical treatment, suing each new Defendant in his/her *individual* capacity, and providing facts detailing how each new Defendant has denied/is denying him medical treatment.

### B. HIPAA

As to Plaintiff's HIPAA claim, it is unclear what allegations he claims fall under that Act. Nevertheless, private citizens have no standing to sue a covered entity for a violation of HIPAA. *Thomas v. Dep't of Health & Human Servs., Office for Civil Rights*, No. 17-6308, 2018 WL 5819471, at *2 (6th Cir. Aug. 24, 2018) ("HIPAA itself does not create a private right of action."); *Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) (holding that HIPAA cannot be enforced through either an implied private right of action or through § 1983). Plaintiff, therefore, fails to state a claim upon which relief may be granted under HIPAA, and that claim also will be dismissed.

### C. ADA

Plaintiff does not specify which section of the ADA that was allegedly violated. The Court presumes he is referencing Title II of the ADA, which "provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132).

Plaintiff does not allege that he was denied the benefits of any services, programs, or activities provided for other non-disabled inmates, or that he was subjected to discrimination *because of* his asthma or learning disability. Rather, he alleges that despite him having an "ADA card on file," Defendant Chaney disregarded his disability and did not provide him with medical treatment for his asthma. "Prisoners, however, cannot bring claims under the ADA for medical treatment decisions." *Williams v. Ferguson*, No. 3:20-CV-P369-DJH, 2020 WL 3511590, at *4 (W.D. Ky. June 29, 2020); *see also Centaurs v. Haslam*, No. 14-5348, 2014 WL 12972238, at

7

*1-2 (6th Cir. Oct. 2, 2014) ("[A]lthough [the plaintiff] may have a viable civil rights claim under 42 U.S.C. § 1983 for inadequate medical care, he has failed to state a prima facie case under the parameters of the ADA."); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[The ADA] would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners."); *Bonds v. S. Health Partners, Inc.*, No. 2:15-CV-209-WOB, 2016 WL 1394528, at *6 (E.D. Ky. Apr. 6, 2016) (finding that while the ADA "afford[s] disabled persons legal rights regarding access to programs and activities enjoyed by all, . . . [it does] not provide a general federal cause of action to challenge the sufficiency of the medical treatment of their underlying disabilities.") (citing *Carrion v. Wilkinson*, 309 F. Supp. 2d 1007, 1016 (N.D. Ohio 2004) (dismissing claims by prisoner with diabetes that he was denied medical treatment because they are not the type of claim that the ADA . . . [was] intended to cover)).

The Court, therefore, finds that Plaintiff has failed to state a claim under the ADA.

### III.  ORDER

For the foregoing reasons, **IT IS ORDERED** as follows:

1. All claims in the Amended Complaint against LMDC/Louisville Metro Government and the official-capacity claims against Defendant Chaney are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2. Within **30 days** from the entry date of this Memorandum and Order, **Plaintiff may file a Second Amended Complaint** (1) suing Defendant Chaney in his individual capacity with respect to the claims that Defendant Chaney was deliberately indifferent to Plaintiff's safety and to his serious medical needs; (2) naming as Defendant(s) any other person(s) he claims has denied/is denying him medical treatment, suing each new Defendant in his/her individual capacity, and providing facts detailing how each new Defendant denied him medical treatment.

3. The **Clerk of Court is DIRECTED to write the instant case number and "Second Amended Complaint" on a § 1983 complaint form and send it, along with three blank summons forms, to Plaintiff** for his completion should he wish to file a Second Amended Complaint.

4. Plaintiff is **WARNED** that his failure to file a Second Amended Complaint within the time allotted **will result in dismissal of the entire action** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

This the 2nd day of May, 2022.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Plaintiff, *pro se*
Defendants
Jefferson County Attorney
A958.005